IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOPE BRANHAM; § <br> MISSION EVANGELICAL BRANHAM § <br> CHURCH OF TEXAS, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., § <br> § <br> Defendant. § | Civil Action No. 4:23-cv-00959-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 19) (the "Motion") filed by Defendant Bank of America, N.A. ("BOA"), and Plaintiffs' Response (ECF No. 21). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 19) in part and **DISMISS** Plaintiffs' claims **without prejudice**. However, if Plaintiff Hope Branham ("Branham") timely files an amended complaint, Judge O'Connor should **DENY** the Motion as to her, **GRANT** the Motion as to Plaintiff Mission Evangelical Branham Church of Texas ("EBC") and **DISMISS** EBC's claims **without prejudice**.

**I.      BACKGROUND**

Plaintiffs allege that BOA wrongfully withheld funds from a check payable to EBC that was deposited into EBC's business account. ECF No. 15 at 2.

**II.     LEGAL STANDARDS**

    **A.      Pro Se Standard**

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

**B.     Rule 12(b)(6) Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### C. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III. ANALYSIS

### A. Branham may not represent EBC.

Branham sued BOA, purportedly on behalf of herself and her church, EBC, for which she claims to be "the representative and legal counsel." ECF No. 15 at 2. While 28 U.S.C. § 1654 entitles Branham to represent herself, it does not allow a person who is not a licensed attorney to represent anyone else. And in the Fifth Circuit, "those not licensed to practice law may not represent the legal interest of others." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Moreover, a legal entity, such as a non-profit organization (like a church), must be represented by an attorney in litigation in federal court. "[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Rd. Rangers Country Junction*, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (quoting *Sw. Express Co., Inc. v. Interstate Com. Comm'n*, 670 F.2d 53, 56 (5th Cir.1982)). The appropriate measure for a judge to take when confronted with an unrepresented [legal entity] is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Branham may

not prosecute this action *pro se* on behalf of EBC. Accordingly, Judge O'Connor should **DISMISS** EBC's claims against BOA **without prejudice**.

### B. Branham's pleadings fail to state a claim on which the Court may grant relief.

This leaves only Branham's claims against BOA in her individual capacity. Although Branham cites to a cavalcade of statutes that she asserts BOA violated, her pleadings are almost completely devoid of facts pertaining to damages that she herself has suffered. *See* ECF No. 15 at 1-3 (citing 12 U.S.C. §§ 1818, 1867, 1954, 1958, 3308, 3311, 3303, 5009; 15 U.S.C. §§ 1611, 1681(a); 12 C.F.R. §§ 21.21(d)(1), 21.11; UCC Code § 3-301; negligence "under the UCC and Banking Law"; "private policy law of its consumers"). Factually, she only alleges (1) that BOA "decided to flag both" her personal and business bank accounts "for frauds unfairly with bad faith and dishonesty"; and (2) "ruin[ed] her credit" and reputation. ECF No. 15 at 2.

Branham's pleadings constitute no more than "shotgun" pleadings, untied "to specific causes of action, such that the claims made are indeterminate and the defendant's task in defending against them[,]" and indeed the Court's task in liberally construing them, "is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013) (citing *Abrams v. CIBA Specialty Chemicals Corp.*, No. 08–0068, 2008 WL 4183344, at *4 (S.D. Ala. Sept. 10, 2008)). Accordingly, she has not stated a claim on which the Court may grant relief.

BOA argues that the Court should dismiss Branham's claims with prejudice since she has already amended her complaint once and any further amendment would be an act of futility. ECF No. 19 at 7. But Branham should be "given every opportunity to state a claim." *Ramming*, 281 F.3d at 161. Under facts such as these, where a plaintiff, proceeding *pro se*, has raised allegations pertaining both to herself and a third party in a "shotgun" style pleading, the Court does not find

that she pleaded her best case. Branham should be afforded an opportunity to amend her complaint to sufficiently state a claim for relief. The Court has not yet entered a scheduling order establishing a deadline to amend, so it finds that it is reasonable to dismiss Branham's claims without prejudice. Judge O'Connor should not dismiss Branham's if she amends her complaint to state facts to support them within the fourteen-day period permitted for objections to these findings, conclusions, and recommendation or such other time period that Judge O'Connor sets.

Should Branham seek leave to amend her complaint, she must comply with the requirements of Rules 8(a), 10(b), and 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1. Fed. R. Civ. P. 8(a), 10(b), 15(a); Local Civil Rule 7.1. Any amended complaint will supersede (take the place of) Plaintiff's previous Amended Complaint (ECF No. 15). Consequently, Plaintiff must state all claims and list all defendants in any amended complaint filed. A form complaint for use in a civil case ("Pro Se 1") is available online at http://www.uscourts.gov/forms/civil-forms. Plaintiff may also review the Local Civil Rules of the Court at http://www. uscourts.gov/civil-rules.

## IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** BOA's Motion in part and **DISMISS** SBC's claims **without prejudice**.

Also, If Branham does not file a motion seeking leave to file an amended complaint that states a claim for relief within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, Judge O'Connor should **GRANT** BOA's Motion in part and **DISMISS** Branham's claims **without prejudice**. If Branham timely files such a motion, however, Judge O'Connor should **DENY** BOA's Motion to

Dismiss Branham's claims as **MOOT** and allow the action to proceed on the second amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on May 30, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6